IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JAMIE MICHELLE WILLIS; and PAUL )
BRADY WILLIS ) No. 1-14-0054
 )
v. )
 )
WAL-MART STORES EAST, LP )

CASE MANAGEMENT ORDER # 2

By contemporaneously entered order, the Court has approved and entered the parties' case management order, with modifications addressed at the initial case management conference held on June 3, 2014. Those modifications and other matters addressed on June 3, 2014, are as follows:

1. By June 6, 2014, the parties shall file a joint notice of whether or not both parties agree to conduct the trial in Nashville. If both parties do not agree, the trial will be scheduled in Columbia.

2. Any discovery motions shall be filed by March 10, 2015.

3. Any dispositive motion shall be filed by April 3, 2015. Any response shall be filed within 28 days of the filing of the motion or by May 1, 2015, if the motion is filed on April 3, 2015. Any reply shall be filed within one (1) week of the filing of the response or by May 8, 2015, if the response is filed on May 1, 2015.

A jury trial is scheduled on **Tuesday, August 18, 2015.** The parties estimate that the trial will last two (2) days.

The parties are directed to contact Ms. Jeanne Cox, Courtroom Deputy, by no later than 12:00 noon on Friday, August 14, 2015, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

The pretrial conference is scheduled on **Wednesday, August 5, 2015, at 11:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

By July 10, 2015, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By July 20, 2015, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony and any responses to objections to deposition testimony and proposed exhibits shall be filed by July 29, 2015.

By July 29, 2015, the parties shall also:

1. File a proposed joint pretrial order, which shall include:
    (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;
    (b) a short summary of the plaintiffs' theory (no more than one page);
    (c) a short summary of the defendant's theory (no more than one page);
    (d) a succinct statement of the relief sought;
    (e) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;
    (f) Any special trial procedural issues;
    (g) A summary of any anticipated evidentiary issues;
    (h) A statement that counsel have complied with Rule 26(e) of the Federal Rules of Civil Procedure; and
    (i) The estimated length of the trial.

2. File any deposition transcripts that the parties expect to use at trial;

4. Serve and file their respective final lists of witnesses and exhibits;

5. File a listing of all agreed stipulations;[1] and

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[2]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[1] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to object. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference.

[2] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.